111 First Street
Bay City, MI 48708

## UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan

Case No.: **10–23355–dob**
Chapter: 13

In Re: (NAME OF DEBTOR(S))
  Lonnie Charles Warpup                      Tammy Denise Warpup
  dba Lonnie's Repair Shop               703 N Roscommon Rd
  703 N Roscommon Rd                  Roscommon, MI 48653–8579
  Roscommon, MI 48653–8579

Social Security No.:
  xxx–xx–6950                                xxx–xx–5490

Employer's Tax I.D. No.:

### ORDER DISCHARGING DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

The court finds that the debtor filed a petition under title 11, United States Code, on 8/31/10 , that the debtor's plan has been confirmed, that all allowed claims have been paid substantially in accordance with the plan, that with respect to secured claims which continue beyond the term of the plan, any pre–petition or post–petition defaults have been cured and such claims are in all respects current, with no escrow balance, late charges, costs or attorney fees owing, and that the debtor has fulfilled all requirements under the plan.

**IT IS ORDERED THAT:**

    1. Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

        (a) provided for under 11 U.S.C. Section 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due:

        (b) in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. Section 523(a)(5);

        (c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);

        (d) for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. Section 523(a)(9);

        (e) for restitution included in a sentence on the debtor's conviction of a crime;

        (f) for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994

    2. Pursuant to 11 U.S.C. Section 1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

    3. Notwithstanding the provisions of title 11, United States Code, the debtor is not discharged from any debt made non–dischargeable by 18 U.S.C. Section 3613(e), by certain provisions of titles 10, 37, 38, 42 and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

5. All creditors who held secured claims which were fully paid shall execute and deliver to the debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording.

6. All creditors who hold secured claims which continue beyond the term of the plan shall take no action inconsistent with the above findings.

Dated: 3/4/14

BY THE COURT

/s/ Daniel S. Opperman.BayCity
Daniel S. Opperman.BayCity
United States Bankruptcy Judge